UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUTO-OWNERS INSURANCE
COMPANY and OWNERS INSURANCE
COMPANY,

    Plaintiffs,

v.                                Case No. 8:18-cv-02115-T-02AEP

GENE WINGATE, WINGATE'S
TRACTOR SERVICE, INC., FLORIDA
POWER AND LIGHT COMPANY,
CHAD DUKES, and TINA DUKES,

    Defendants.
_____/

## ORDER

In their second amended complaint, Plaintiffs Auto-Owners Insurance Company ("Auto-Owners") and Owners Insurance Company ("Owners") seek a declaratory judgment that they owe no duty to defend or indemnify Defendant Florida Power and Light Company ("FPL") in a state court action filed by Defendants Chad and Tina Dukes ("the Dukes Defendants"). In the underlying action, the Dukes Defendants allege that an FPL supervisor negligently operated a crane, causing it to impact overhead high voltage power lines, which, in turn, caused Mr. Dukes to be electrocuted and suffer severe and debilitating injuries. At the time of the accident, Mr. Dukes was employed by Defendant Wingate's Tractor Service, Inc. ("WTS").

Plaintiffs insured WTS and Defendant Gene Wingate[1] under an automobile policy and a commercial general liability policy ("CGL policy"). FPL contends that those policies require Plaintiffs to defend and indemnify it in the underlying action in part because of a contractual relationship between FPL and WTS.

The Dukes Defendants have moved to dismiss Plaintiffs' second amended complaint for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted or, alternatively, for a more definite statement and to stay as to the issue of indemnification. Dkt. 49. Plaintiffs have also moved for summary judgment and asked the Court to determine as a matter of law that they have no duty to defend—and, thus, no duty to indemnify—FPL in the underlying action. Dkt. 54. The Court has reviewed the entire record and heard argument from counsel. On consideration, the Court denies the Dukes Defendants' motions to dismiss and for a more definite statement and denies without prejudice their alternative motion to stay. The Court also denies Plaintiffs' motion for summary judgment as to Count II (the count related to the CGL policy) and denies the motion as to Count I (the count related to the automobile policy) without prejudice to reassertion after further discovery.

---

[1] Mr. Wingate and WTS have not appeared in this action, and Clerk's defaults have been entered against them. Dkt. 47.

I.      **THE DUKES DEFENDANTS' MOTION**

The Dukes Defendants argue that the Court should dismiss Plaintiffs' second amended complaint because the Court lacks subject matter jurisdiction over the action. They explain: "[T]he Second Amended Complaint seeks a declaration of insurance coverage over claims raised in a complaint in a state court matter that has been superseded by an amended complaint. Plaintiffs are seeking a declaration on a pleading without any legal effect." Dkt. 49 at 1. Thus, they contend, there is no Article III case or controversy. *Id.* at 4. They also contend that the issue of indemnification will not be ripe until the underlying action concludes. *Id.* at 6-7.

These arguments are not well-taken. Plaintiffs' second amended complaint ultimately seeks a declaration that Plaintiffs owe no duty to defend or indemnify FPL in the underlying action as a whole. Moreover, the Court has reviewed the Dukes Defendants' amended complaint (Dkt. 49-1), and the amendment made no changes that affect the dispute before this Court. There is clearly still an Article III case or controversy as to whether Plaintiffs must defend and indemnify FPL in the underlying action. Finally, the indemnification issue is not invariably tied to the outcome of the underlying action. For example, if the Court concludes that there is no duty to defend, then there will be no duty to indemnify, regardless of the outcome of that action. *See Westport Ins. Corp. v. VN Hotel Grp., LLC*, 761 F. Supp. 2d 1337, 1348 (M.D. Fla. 2010), *aff'd*, 513 F. App'x 927 (11th Cir. 2013). Thus, the Court need not

dismiss the request for a declaration as to indemnification. *See, e.g.*, *Atlantic Cas. Ins. Co. v. GMC Concrete Co.*, No. 07-0563-WS-B, 2017 WL 4335499, at *6-7 (S.D. Ala. Dec. 7, 2007) (citation omitted) (declining to dismiss request for declaration as to duty to indemnify and instead deferring consideration of the issue). Accordingly, the motion to dismiss for lack of subject matter jurisdiction is denied.

The Dukes Defendants also argue that the second amended complaint should be dismissed for failure to state a claim or, alternatively, that the Court should require Plaintiffs to provide a more definite statement. Dkt. 49 at 7-9. These requests are denied. Read in conjunction with the attached complaint and insurance policies, the second amended complaint plausibly states a claim for declaratory relief and is sufficiently clear to allow the Dukes Defendants to formulate a response.

Finally, the Dukes Defendants argue that, if the Court does not dismiss the indemnity claim, that claim should be stayed pending the outcome of the underlying action. *Id.* at 9-11. That request is denied without prejudice. As stated at the hearing, the Court will give the parties sufficient time and a trial date continuance (if they so desire) to permit the underlying action to resolve on any important points related to indemnification.

## II.     PLAINTIFFS' MOTION

With their motion for summary judgment, Plaintiffs ask the Court to find as a matter of law that Auto-Owners has no duty to defend FPL in the underlying action

4

under the terms of the automobile policy (Count I) and that Owners has no duty to defend FPL in the underlying action under the terms of the CGL policy (Count II). In the absence of a duty to defend, Plaintiffs also ask the Court to conclude as a matter of law that they have no duty to indemnify FPL under either policy. Dkt. 54.

As to Count II, under Florida law, the duty to defend "is determined solely from the allegations of the complaint when compared to the insurance policy's terms and conditions." *Cincinnati Ins. Co. v. Quorum Mgmt. Corp.*, 186 F. Supp. 3d 1307, 1315 (M.D. Fla. 2016) (citations omitted). When the complaint alleges facts that "fairly and potentially bring the suit within the coverage afforded by the policy, the insurer must defend the action." *Id.* (citation omitted). As explained at the hearing, the facts alleged in the Dukes Defendants' amended complaint (the operative complaint in the state court action) are enough to fairly and potentially bring their lawsuit within the "insured contract" provision of the CGL policy, thereby triggering the duty of Owners to defend FPL in the underlying action.[2] Counsel for Plaintiffs represented that Owners is already defending FPL in the underlying action under the CGL policy, so this does not change the status quo. Accordingly, the motion for summary judgment as to Count II is denied.

---

[2] In making this ruling, the Court has not considered the affidavit of Weston L. Crockett (Dkt. 58-1), which FPL submitted with its response to the summary judgment motion.

As to the automobile policy (Count I), FPL requested more time to complete discovery on issues that are relevant to the summary judgment motion. Because the motion for summary judgment is not ripe for a decision as to Count I, the Court will deny the motion for summary judgment as to Count I without prejudice. *See* Fed. R. Civ. P. 56(d). Auto-Owners is not providing a defense to FPL under the automobile policy, so this, too, preserves the status quo. Auto-Owners may reassert the motion as to Count I, if it chooses to do so, after the issues are fleshed out in discovery and after consultation with opposing counsel.

### III. CONCLUSION

Accordingly, it is ordered and adjudged as follows:

(1) The Dukes Defendants' motion (Dkt. 49) is denied in part and denied without prejudice in part as specified above.

(2) Plaintiffs' motion for summary judgment (Dkt. 54) is denied in part and denied without prejudice in part as specified above.

**DONE AND ORDERED** at Tampa, Florida, on April 22, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record